IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WESTERN NATIONAL ASSURANCE COMPANY, | ) ) ) | No. 35394-0-III |
| Respondent, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| JOHN and LINDA ROBEL, individually and as husband and wife; and ROBEL'S ORCHARD, a Washington Corporation and/or sole proprietorship owned by John and Linda Robel; VICKI POSA, a single person, | ) ) ) ) ) ) ) ) | |
| Appellant. | ) ) | |

KORSMO, J. — Vicki Posa appeals from the trial court's order granting summary judgment to respondent Western National Assurance Company concerning the existence of insurance coverage under a homeowners policy for an injury occurring in an orchard. We affirm.

FACTS

Ms. Posa was injured in a fall from a three-legged ladder while picking cherries at a Green Bluff area orchard operated by John and Linda Robel.[1] The Robels offered both

---

[1] In accordance with the standard for review of summary judgment proceedings, we state the facts in a light most favorable to the non-moving party, Ms. Posa.

pre-picked and u-pick options for customers. Ms. Posa called the Robels, whose orchard was listed in a brochure for Green Bluff u-pick operations, the day before the incident to assure that they were open.

The following day, July 20, 2010, Ms. Posa and a companion arrived to pick cherries for themselves. It was not a work day for the Robels, who had a barbecue planned. Ms. Posa and her companion spoke to a man named John and each were outfitted with a basket that strapped to the body of the picker. They were directed to the appropriate section of the orchard and told where ladders could be located.

The ladders are ten feet tall and three-legged. While using a ladder, Ms. Posa became unbalanced as the basket filled. She fell, breaking her hand and left foot. She also sustained injuries to her neck, hip, and shoulder. She underwent two surgical procedures and was expected to have additional surgery.

Ms. Posa filed suit against the Robels on July 18, 2013, seeking compensation for her injuries. She alleged that the Robels, doing business as Robel's Orchard, had failed to maintain the orchard in a safe manner and also had failed to properly instruct her on use of the ladder. Unable to serve the Robels, Ms. Posa received permission from a court commissioner to serve them by mail. Western National appointed an attorney to defend

No. 35394-0-III
*W. Nat'l Assur. v. Robel, et ux, et al.*

the suit and counsel appeared for the Robels. They successfully moved for dismissal on the basis that service by mail was improper. This court subsequently reversed that ruling.[2]

Western National filed this declaratory action against the Robels and Ms. Posa on October 24, 2013, a day after counsel appeared for the Robels in the personal injury action. Western National asserted that the Robel's homeowner's policy did not provide liability coverage for the couple's business operations. The Robels did not appear in the declaratory action and, at some point, filed for bankruptcy protection. Ms. Posa appeared and defended the declaratory action.[3]

In the spring of 2017, Western National moved for summary judgment, arguing that Ms. Posa was injured as part of the farm's business operation. On the day that the motion was heard, Ms. Posa filed an amended complaint that alleged the Robels were not conducting business when the injuries occurred. In response to the summary judgment motion, Ms. Posa contended that the business was farming and that the occasional self-pick customer was not within the scope of the farm's primary operation. The trial court determined that the business exclusion provision was not ambiguous and operated to deny coverage for Ms. Posa's injuries:

> I also do not find an ambiguity in the definition of business. . . . it appears
> to the court that they were in the business of growing cherries that they sold

---

[2] *See Posa v. Robel*, No. 32910-1-III (Wash. Ct. App. Mar. 17, 2016) (unpublished), http://courts.wa.gov/opinions/pdf/329101.pdf.

[3] The parties advised this court that the bankruptcy court permitted the Posa claim to go forward solely to the extent of any insurance coverage that might exist.

3

No. 35394-0-III
*W. Nat'l Assur. v. Robel, et ux, et al.*

   to the public on both a custom-pick arrangement as well as pick-your-own
   arrangement. And in this instance, Ms. Posa appeared to have come on the
   premises to pick on her own and that operation is specifically excluded
   from this particular coverage.

Report of Proceedings at 36-37.[4]

   An order granting summary judgment in favor of Western National then entered.

Ms. Posa timely appealed to this court. A panel heard argument on the case.

ANALYSIS

   This appeal presents the question of whether a customer's self-picking of cherries

is not a part of the business of farming. We agree with the trial court that self-pick

operations are part of the business operations of the orchard. The business exclusion to

the homeowners policy precluded liability coverage.

   Summary judgment rulings are reviewed de novo since an appellate court sits in

the same position as the trial court. *Hubbard v. Spokane County*, 146 Wn.2d 699, 706-

707, 50 P.3d 602 (2002). Summary judgment is proper when, after viewing the evidence

in a light most favorable to the opposing party, there are no issues of material fact and the

moving party is entitled to judgment as a matter of law. *Trimble v. Wash. State Univ.*,

140 Wn.2d 88, 93, 993 P.2d 259 (2000). All facts and reasonable inferences are

---

   [4] Although Western National challenges in its briefing whether the trial court
considered the amended complaint and whether it is properly included in the record of
this court, the trial court's order on summary judgment listed the amended complaint as
one of the items it considered. The document is properly in the record on appeal.

4

construed in the light most favorable to the nonmoving party. *Id.* Summary judgment should be granted if reasonable persons could reach but one conclusion based on all of the evidence. *Id.*

Interpretation of an insurance policy is a question of law reviewed *de novo*. *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52, 164 P.3d 454 (2007). Insurance policies are construed as contracts, so policy terms are interpreted according to basic contract principles. *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 665-666, 15 P.3d 115 (2000). The policy is considered as a whole, and is given a "'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" *Id.* at 666 (quoting *Am. Nat'l Fire Ins. Co. v. B&L Trucking & Constr. Co.*, 134 Wn.2d 413, 427, 951 P.2d 250 (1998)). If the language is clear, the court must enforce the policy as written and may not create ambiguity where none exists. *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171, 110 P.3d 733 (2005). A clause is only considered ambiguous if it is susceptible to two or more reasonable interpretations. *Id.* If an ambiguity exists, the clause is construed in favor of the insured. *Id.* at 172.

The policy issued by Western National includes the following definition:

4. "Business" means a trade, a profession, or an occupation including farming, all whether full or part time. This includes the rental of property to others. It does not include the occasional rental for residential purposes

of the part of the "insured premises" normally occupied solely by "your" household.

Clerk's Papers (CP) at 98. The "Insured Premises" is defined (in part) as the identified residence, related structures, and "all vacant land owned by or rented to an 'Insured'. . . . This does not include farm land." CP at 99.

The policy excluded from liability coverage any "bodily injury . . . resulting from activities related to the 'business' of an 'insured', except as provided by Incidental Business Coverage." CP at 116. The policy also excluded from the medical payments coverage, "a person who is on the 'insured premises' because a 'business' is conducted . . . on the 'insured premises.'" CP at 117.

Against these exclusions, Ms. Posa argues that there are at least factual questions about whether or not the Robels were engaged in the "business" of farming, whether self-service picking falls within the farming business, and whether instructing on proper ladder use falls within the couple's "business." We disagree.

The only conclusion to draw from the evidence is that the Robels were engaged in the business of farming. They had a cherry orchard and sold the produce to the public. That is how farming works—a crop is planted and eventually harvested for the benefit of those who consume the crop. Whether or not the Robels made much money from u-pick operations does not change the nature of their business. The fact that there were different options for harvesting the produce likewise does not alter those facts; the identity of the

6

harvester does not change the nature of a farming operation.  It was the orchard produce that drew Ms. Posa to the Robel farm on that fateful day.  The fact that the Robels may not have been working that particular day does not change the nature of their operation.  They farmed by producing a crop, not by harvesting seven days a week.

Similarly, it cannot seriously be contested that using a ladder to pick cherries from a cherry tree is not part of the farming task of harvesting the crop.  Any negligence in failing to properly instruct on the use of the three-legged ladder was related to the family's farming operations.  In short, the business exclusion applied to the Robels' cherry orchard.

The case relied on by Ms. Posa does not require a different result.  *Stuart v. Am. States Ins. Co.*, 134 Wn.2d 814, 953 P.2d 462 (1998).  There the question was whether the insured were operating a business in their home when they used it to raise their foster children.  The court concluded that an ambiguous definition of "business" required a trial. *Id*. at 823-824.  Here, there was no ambiguity at all.  The definition of business in the policy expressly identified farming as a business.  Similarly, the premises definition expressly excluded farm property from its coverage.

There was no question in this instance that the policy covered only the house and its immediate environs.  The Robels did not conduct their farming operations in the house.  The fact that they lacked a business operation policy is a financial tragedy for all

7

parties involved in this litigation. However, we cannot convert a homeowner's policy into a business operations policy just because there was an uncovered injury.

The trial court correctly concluded that there was no coverage under the policy for Ms. Posa's business-related injury and that Western National thus did not owe a duty to defend or indemnify the Robels. The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.